## TYLER v. O'REILLY.

*(Supreme Court, General Term, Third Department.  February 18, 1891.)*

LIABILITY OF AGENT—SALES ON CREDIT—RIGHTS OF PRINCIPAL.

In an action to recover from defendant the value of lumber sold by him on credit, as agent for plaintiff, defendant was permitted to testify to a custom of the trade to sell lumber on credit. *Held,* that plaintiff might show, in rebuttal, sales for cash to be the custom, and sales on credit the exception.

Appeal from Sullivan county court.

Action by Calvin Tyler against James B. O'Reilly to recover the value of a quantity of lumber sold by defendant as agent for plaintiff. Plaintiff appeals from a judgment for defendant entered on the dismissal of the complaint at the trial.

Argued before LEARNED, P. J., and LANDON and MAYHAM, JJ.

*James I. Curtis*, (*T. F. Bush*, of counsel,) for appellant. *Alpheus Potts*, for respondent.

LEARNED, P. J. The facts may be briefly stated as follows: The plaintiff authorized the defendant to sell some lumber for him. Nothing was said about the terms of sale, whether for cash or credit. In a subsequent conversation between defendant and plaintiff's son, defendant said he could have sold some and taken paper, but plaintiff would not like that; and plaintiff's son said, "No." Afterwards defendant sold some to Powell; that is, he authorized Powell to take it. Powell proved to be irresponsible. The defendant testified, in his own behalf, that he sold this lumber in the usual way of selling that kind of lumber,—on credit. Afterwards the plaintiff offered to show that it was the universal custom to sell lumber for cash, and that it was the exception to sell for credit. This was excluded, and plaintiff excepted. The court nonsuited the plaintiff. As defendant had been permitted, in order to justify his action, to testify that it was usual to sell such lumber on credit, it is plain that the plaintiff should have been permitted to deny this. Further, the conversation between defendant and plaintiff's son tended to show that, before the actual sale, defendant understood that he was to sell only for cash. This made a question for the jury. The duty of the agent is stated in 2 Kent, Comm. 622, and is so familiar that we need not repeat it. We think that the case should have gone to the jury, and that the evidence above mentioned should have been admitted. Judgment reversed, new trial granted, costs to abide event.